IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM KIMBLE, JR., )
)
       Plaintiff, )
)
v. ) 1:18CV766
)
ROWAN COUNTY CLERK OFFICE, )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

      Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.     The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2.     Plaintiff names only the Rowan County Clerk's Office as the only Defendant and alleges that employees in that Office violated his rights. However, under § 1983, Plaintiff must sue the actual persons who he claims violated his rights.

3.     Plaintiff's claims are not clear. To at least some extent, he attempts to base his claims on allegations of "negligence." However, § 1983 covers only intentional deprivations of federal rights, not negligence. Moreover, Plaintiff's allegations are that personnel in the Rowan County Clerk's Office did not provide him with all the free copies of documents that he sought related to legal actions he was pursuing in various courts. He alleges that this caused him to lose a habeas corpus action because he was unable to exhaust his state court remedies. It may be that Plaintiff is attempting to state a claim for denial of access to the courts. However, Plaintiff does not have

an unlimited right to access the courts. "Most federal courts of appeals have imposed an 'injury' requirement on prisoners raising access to courts claims." Strickler v. Waters, 989 F.2d 1375, 1383 n.10 (4th Cir. 1993) (citing cases). To meet the injury requirement, Plaintiff must show that Defendants' actions actually deprived him of the ability to pursue nonfrivolous claims. Lewis v. Casey, 518 U.S. 343, 352-53 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim; the prisoner must demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded. Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va.), aff'd, 103 F. App'x 505 (4th Cir. 2004) (citing Lewis, 518 U.S. 354-55). Here, Plaintiff appears to be referencing a habeas action he filed in this Court in Kimble v. Hooks, No. 1:17CV746 (M.D.N.C.). In that case, the undersigned noted that there might be possible exhaustion issues, but recommended the dismissal of that action because Plaintiff's claims lacked merit, not based on any lack of exhaustion.[1] Therefore, there is no basis for a claim of denial of access to the courts based on that case, and it is not clear what other claim Plaintiff may be attempting to raise.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

---

[1] Specifically, the Court considered all of Plaintiff's claims on the merits and found that "to the extent that Petitioner raised his claims in the state courts, the decisions of those courts were not contrary to, or an unreasonable application of any United States Supreme Court precedent. To the extent that Petitioner did not raise his claims in the state courts, they are unexhausted and even if considered on the merits, fail under any standard of review." (Case No. 1:17CV746 Recommendation dated July 24, 2018 [Doc. #24].) In addition, the Court also notes that the documents that Plaintiff contends he requested (the Transcript of Plea and the Judgment and Commitment) were attached to Respondent's Brief in that case [Doc. #10] and served on Plaintiff, so Plaintiff did ultimately receive copies of all of the documents filed in his state cases.

2

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 31st day of October, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge